UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALEE V. ZARROW,<br><br>  Plaintiff,<br><br>  v.<br><br>EXPERIAN CREDIT BUREAU,<br><br>  Defendant. | Case No. 25-cv-08821-LJC<br><br>**FURTHER ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 9 |

## I.  BACKGROUND

The Court previously granted Plaintiff Rosalee V. Zarrow's application to proceed in forma pauperis and screened her Complaint pursuant to 28 U.S. Code Section 1915(e). ECF No. 7. Plaintiff's Complaint asserted a claim against Defendant Experian Credit Bureau (Experian) pursuant to 42 U.S. Code Section 1983, contending that Experian violated her Fourteenth Amendment rights. *See* ECF No. 1 (Compl.). The Court explained that Plaintiff's Section 1983 claim failed because Section 1983 authorizes lawsuits against government officials and entities, not private parties, and Experian was not a government official or entity. ECF No. 7 at 3. The Court permitted Plaintiff to file an amended complaint, directing her to "include a short and plain statement of facts explain[ing] what Defendant did that harmed Plaintiff" and "identify which law(s) Plaintiff believes Defendant violated." *Id.* at 4.

Plaintiff has now filed an amended complaint. ECF No. 9 (First Am. Compl.) (FAC). She claims that her "personal information was breached under the services of" Experian, that Experian was involved in "deceptive practices while doing business with" Plaintiff, and that, as a result, Plaintiff "is having difficulty fixing [her] credit." *Id.* at 2. She lists "CA Civ Code subsection [3300]" and "Personal Injury" as the laws or rights that have been violated and explains that the measure of damages for breach of contract "is the amount which will compensate the party

aggrieved for all the detriment proximately caused" by the breach. *Id.* at 3.

## II.   LEGAL STANDARD

If a district court grants a plaintiff permission to proceed in forma pauperis, the court must then screen the sufficiency of the plaintiff's complaint under 28 U.S. Code Section 1915(e) to determine whether the case should be allowed to proceed. Title 28 U.S. Code Section 1915(e)(2)(B) provides, in relevant part, that after granting permission to proceed in forma pauperis, a court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted."

When the complaint has been filed by a pro se plaintiff, a court must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). But "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice," and a court need not credit "legal conclusions" or "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). To state a claim on which relief may be granted, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must demonstrate "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, a complaint must identify the law or right the defendant violated and describe what the defendant did that violated the law. The factual description of what the defendant did must plausibly support that the defendant violated the law or right the plaintiff identifies.

Federal cases must also be filed in the correct district. Cases may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If a case is filed in the wrong district, courts may "dismiss, or if it be in the

interest of justice, transfer" the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *Costlow v. Weeks*, 790 F.2d 1486, 1487-88 (9th Cir. 1986).

### III. ANALYSIS

Construing the FAC liberally, the Court understands Plaintiff to have brought (1) a breach of contract claim,[1] and (2) a personal injury claim against Experian based on Plaintiff's "difficulty fixing" her credit. *See* FAC at 2-3.

Under California law, the "elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Bodenburg v. Apple Inc.*, 146 F.4th 761, 767 (9th Cir. 2025) (quoting *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011)). "To allege breach, 'a plaintiff must identify a specific contract provision breached by the defendant.'" *Id.* (quoting *Stavati v. Allstate Northbrook Indem. Co.*, 634 F. Supp. 3d 792, 797 (C.D. Cal. 2022)). Plaintiff does not allege that she and Experian entered into a contract. And although she alleges that Experian was "involved with deceptive practices," this conclusory statement does not identify any particular obligation Experian may have breached. Plaintiff's FAC accordingly does not allege sufficient facts to support a breach of contract claim.

Similarly, the FAC does not include factual allegations to support Plaintiff's claim that Experian caused her personal injury. To the extent that Plaintiff claims Experian's negligence caused her injury (which appears to be the case, as there are no allegations that Experian acted intentionally), she must allege that Experian owed her a duty of care, breached that duty, and their breach caused her harm. *See Stasi v. Inmediata Health Group Corp.*, 501 F. Supp. 3d 898, 913 (S.D. Cal. 2020). Plaintiff alleges that Experian caused a "data breach" and that Plaintiff "is having … difficulty fixing [her] credit to get it back to the necessary prerequisites so that [she] can" afford basic "necessities." FAC at 2. Aside from Plaintiff's conclusory statement that her "personal information was breached under the services of [Experian]," she includes no factual

---

[1] Plaintiff purports to bring a claim under California Civil Code Section 3300, which establishes that "the measure of damages" for "the breach of an obligation arising from contract … is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby." The Court construes Plaintiff's claim under Section 3300 as one for breach of contract.

1 allegations regarding Experian's alleged negligent or otherwise improper acts, no allegations
2 regarding how she was harmed by the data breach. *Id.* While she alleges that she has had
3 "difficulty fixing" her credit score, there are no factual allegations tying this to Experian's actions.
4 *Id.* The FAC accordingly does not allege sufficient facts to support Plaintiff's personal injury
5 claim.

6 Moreover, as explained in the first Order to Show Cause, federal lawsuits must be filed in
7 either the judicial district "in which any defendant resides," in the district "in which a substantial
8 part of the events … giving rise to the claim occurred," or, if there is no judicial district in which
9 the lawsuit "may otherwise be brought," in "any judicial district in which any defendant is subject
10 to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Plaintiff is
11 located in Philadelphia and the FAC identifies Experian as being located in in Orange County.
12 FAC at 1. Orange County is in the Central District of California, not the Northern District of
13 California. Although the FAC does not explain where the "events … giving rise to the claim[s]
14 occurred," the Court is concerned that, given the parties' locations, the events underlying this case
15 did not occur in the Northern District of California. Accordingly, the Northern District of
16 California appears to be the incorrect venue for this lawsuit.

17 **IV.     CONCLUSION**

18 Plaintiff is accordingly ORDERED TO SHOW CAUSE why the FAC should not be
19 dismissed for failure to state a claim on which relief may be granted and why the case should not
20 be transferred to the Central District of California. By February 6, 2026, Plaintiff must file a
21 second amended complaint including a statement of the facts describing the alleged data breach,
22 how Plaintiff was harmed by the breach, and what Experian did that caused Plaintiff harm.
23 Plaintiff must identify which law(s) Plaintiff believes Defendant violated. If Plaintiff claims that
24 Experian breached a contract, she must identify what contract she and Experian entered in to, how
25 she followed her obligations under the contract, which terms of the contract Experian violated, and
26 how Plaintiff was harmed by their violation. Plaintiff's second amended complaint must also
27 explain where Experian's alleged actions took place and why this court is the correct court to this
28 case.

4

1    The second amended complaint will completely replace the original Complaint and the
2    FAC, and thus must include all factual allegations and claims Plaintiff wishes the Court to
3    consider and cannot reference or rely on the contents of the original Complaint or the FAC. *See*
4    *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

5    If she has not already done so, the Court strongly encourages Plaintiff to access the
6    Northern District of California's resources for pro se litigants, available online at:
7    https://cand.uscourts.gov/representing-yourself.

8    These resources include guidelines for writing and filing a civil complaint, available at:
9    https://cand.uscourts.gov/sites/default/files/forms/General-Complaint_Packet.pdf.  Plaintiff may
10   schedule a free appointment with the Justice and Diversity Center's Legal Help Center by calling
11   415-782-8982.

12   If Plaintiff does not respond to this Order as required above, the undersigned may prepare a
13   report and recommendation recommending that this case may be dismissed for failure to prosecute
14   and failure to comply with a court order, in addition to the other grounds for dismissal identified in
15   this Order.

18   **IT IS SO ORDERED.** Dated: January 14, 2026

LISA J. CISNEROS
United States Magistrate Judge

5